```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                              Case No. 20-00235-HWV
Blair A Lauver                                                      Chapter 13
Jennifer E Minium
        Debtors                    CERTIFICATE OF NOTICE
District/off: 0314-1          User: AutoDocke           Page 1 of 2           Date Rcvd: Mar 09, 2020
                              Form ID: pdf002           Total Noticed: 25


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 11, 2020.
db/jdb         +Blair A Lauver,    Jennifer E Minium,    281 Dell Street,    Mifflintown, PA 17059-8495
5293742        +AT&T,    c/o Creedence Resource Management,     17000 Dallas Parkway Suite 20,
                 Dallas, TX 75248-1938
5293744        +Bank of America,    PO Box 30770,    Tampa, FL 33630-3770
5293743        +Bank of America,    PO Box 2284,    Brea, CA 92822-2284
5293745        +Capital One Bank,    c/o Asset Recovery Solutions,     2200 E Devon Ave, Suite 200,
                 Des Plaines, IL 60018-4501
5293746        +Capital One Bank,    c/o The Bureaus Inc,    1717 Central Street,    Evanston, IL 60201-1507
5293747        +Comenity Bank/Second Round Sub,     c/o Pressler Felt & Warshaw,    7 Entin Road,
                 Parsippany, NJ 07054-5020
5293749        +Mariner Finance,    8211 Town Center Dr,    Nottingham, MD 21236-5904
5293750        +PEBTF Active Appeals,    Mailstop: APAED,    150 South 43rd Street,    Harrisburg, PA 17111-5708
5303812        +Pennsylvania Employees Benefit Trust Fund,     PEBTF,   150 South 43rd Street,
                 Harrisburg, PA 17111-5700
5293751        +Perry Pest Control,    1740 Landisburg Road,    Landisburg, PA 17040-9313
5293754         SLS,   PO Box 60535,    City of Industry, CA 91716-0535
5293756        +Synchrony Bank/Lowes,    c/o Global Credit & Collection Corp,     4839 North Elston Avenue,
                 Chicago, IL 60630-2534
5293758         UPMC Pinnacle,    PO Box 826813,    Philadelphia, PA 19182-6813

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 09 2020 19:41:14
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5293748        +E-mail/Text: CollectionsCompliance@firstdata.com Mar 09 2020 19:36:08      Hollywood Pnrc,
                 c/o TRS Recovery Services Inc,    PO Box 60022,    City of Industry, CA 91716-0022
5301630         E-mail/Text: ktramble@lendmarkfinancial.com Mar 09 2020 19:33:41
                 Lendmark Financial Services, LLC,    2118 Usher Street,    Covington, GA 30014
5302965         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 09 2020 19:41:15
                 Portfolio Recovery Associates, LLC,    POB 12914,   Norfolk VA 23541
5293752         E-mail/Text: bankruptcynotices@psecu.com Mar 09 2020 19:35:56      PSECU,   PO Box 67013,
                 Harrisburg, PA 17106-7013
5303927        +E-mail/Text: bankruptcyteam@quickenloans.com Mar 09 2020 19:35:47      QUICKEN LOANS INC.,
                 BANKRUPTCY TEAM,    635 WOODWARD AVE.,    DETROIT MI 48226-3408
5304945         E-mail/Text: bnc-quantum@quantum3group.com Mar 09 2020 19:35:29
                 Quantum3 Group LLC as agent for,    Second Round Sub LLC,    PO Box 788,
                 Kirkland, WA  98083-0788
5293753        +E-mail/Text: bankruptcyteam@quickenloans.com Mar 09 2020 19:35:47      Quicken Loans,
                 1050 Woodward Avenue,    Detroit, MI 48226-1906
5294098        +E-mail/PDF: gecsedi@recoverycorp.com Mar 09 2020 19:41:09      Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5293755        +E-mail/Text: bknotice@ercbpo.com Mar 09 2020 19:35:40      Synchrony Bank/AEO Inc,   c/o ERC,
                 PO Box 23870,   Jacksonville, FL 32241-3870
5293757        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 09 2020 19:40:36
                 Synchrony Bank/Walmart,   c/o Portfolio Recovery,    PO Box 12914,    Norfolk, VA 23541-0914
                                                                                               TOTAL: 11

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5307646*       +Mariner Finance, LLC,    8211 Town Center Drive,    Nottingham, MD 21236-5904
                                                                                TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 11, 2020                                    Signature:  /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 9, 2020 at the address(es) listed below:

    Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
    James Warmbrodt    on behalf of Creditor    Wilmington Savings Fund Society, FSB, DBA Christiana Trust, not in its individual capacity, but solely in its capacity as Owner Trustee for WF 19 Grantor Trust bkgroup@kmllawgroup.com
    James H Turner    on behalf of Debtor 1 Blair A Lauver pat@turnerandoconnell.com
    James H Turner    on behalf of Debtor 2 Jennifer E Minium pat@turnerandoconnell.com
    Mario J. Hanyon    on behalf of Creditor    Quicken Loans INC. pamb@fedphe.com
    Thomas Song    on behalf of Creditor    Quicken Loans INC. pamb@fedphe.com
    United States Trustee    ustpregion03.ha.ecf@usdoj.gov

                                                                                         TOTAL: 7

Rev 12/01/19

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

BLAIR A. LAUVER
JENNIFER E. MINIUM

CHAPTER 13

CASE NO.: 1:20-bk-00235-HWV

__X__ Original Plan
_____ Amended Plan

Number of Motions to Avoid Liens
Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**
   1. To date, the Debtor paid $ Enter text here (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $16,847.79 plus other payments and property stated in § 1B below:

   | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
   |---|---|---|---|---|---|
   | 2/2020 | 1/2025 | $280.80 | | $280.80 | |
   | | | | | | |
   | | | | | | |
   | | | | | | |
   | | | | | Total Payments: | $16,847.79 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

   3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

   4. CHECK ONE:
      ☑ Debtor is at or under median income.

   B. **Additional Plan Funding From Liquidation of Assets/Other**

   1. The Debtor estimates that the liquidation value of this estate is $ Enter text here. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

      *Check one of the following two lines.*

☐      X   No assets will be liquidated.

☐      Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ Enter text here from the sale of property known and designated as Enter text here. All sales shall be completed by (Date). If the property does not sell by the date specified, then the disposition of the property shall be as follows: Enter text here

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: Enter text here

**2. SECURED CLAIMS.**

    A. **Pre-Confirmation Distributions.** *Check one.*

         ☒      None.

    B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

         ☐      None.

         ☒      Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account |
|---|---|---|
| Lendmark Financial Service | 2014 Jeep Cherokee | 1876 |
| Quicken Loans | 281 Dell Street, Miffintown | 0372 |
| SLS | 281 Dell Street, Mifflintown | 6358 |

    C. **Arrears (Including, but not limited to, claims secured by Debtor's**

**principal residence).** *Check one.*

☑ None.

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☑ None.

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☐ None.

☒ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| Bank of America | 2007 Chevy Truck | $10,000 | 6% | $1,599.80 | Plan |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

4

F. <u>**Surrender of Collateral**</u>. *Check one.*

☑ None.

G. <u>**Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens**</u>. *Check one.*

☑ None.

3. **PRIORITY CLAIMS.**

   A. <u>**Administrative Claims**</u>

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's fees</u>. Complete only one of the following options:

      a. In addition to the retainer of $ 0 already paid by the Debtor, the amount of $ 4,000 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $ Enter text here per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

      ☑ None.

   B. <u>**Priority Claims (including, certain Domestic Support Obligations**</u>

   Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|

5

|  |  |
|---|---|
|  |  |
|  |  |

    **C.** **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)***. Check one of the following two lines.*

        ☑    None.

**4. UNSECURED CLAIMS.**

    **A.** **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

        ☑    None.

    **B.** **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

        ☑    None.

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

    ☐ plan confirmation.
    ☒ entry of discharge.
    ☐ closing of case.

**7. DISCHARGE: (Check one)**

    ☒ The debtor will seek a discharge pursuant to § 1328(a).
    ☐ The debtor is not eligible for a discharge because the debtor has previously received a

discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: Enter text here
Level 2: Enter text here
Level 3: Enter text here
Level 4: Enter text here
Level 5: Enter text here
Level 6: Enter text here
Level 7: Enter text here
Level 8: Enter text here

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS.**
Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

Dated:
/s/ James H. Turner

Attorney for Debtor

/s/ Blair A. Lauver
Blair A. Lauver

/s/ Jennifer E. Minium
Jennifer E. Minium

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

8