Rev 12/01/17

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

BLAIR A. LAUVER
JENNIFER E. MINIUM

CHAPTER 13

CASE NO.: 20-00235

\_\_\_\_\_ Original Plan

\_\_X\_\_ Amended Plan 4/20/20

Number of Motions to Avoid Liens
Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

Rev 12/01/19

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**
       1. To date, the Debtor paid $561.60 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $17,540.32 plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 4/2020 | 1/2025 | $292.74 | | $292.74 | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $17,540.32 |

       2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

       3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

       4. CHECK ONE:
          ☑ Debtor is at or under median income.

    B. **Additional Plan Funding From Liquidation of Assets/Other**

       1. The Debtor estimates that the liquidation value of this estate is $ Enter text here. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

       *Check one of the following two lines.*

2

☐ X No assets will be liquidated.

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ Enter text here from the sale of property known and designated as Enter text here. All sales shall be completed by (Date). If the property does not sell by the date specified, then the disposition of the property shall be as follows: Enter text here

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: Enter text here

## 2. SECURED CLAIMS.

### A. Pre-Confirmation Distributions. *Check one.*

☑ None.

### B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. *Check one.*

☐ None.

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account |
|---|---|---|
| Lendmark Financial Service | 2014 Jeep Cherokee | 1876 |
| Quicken Loans | 281 Dell Street, Miffintown | 0372 |
| SLS | 281 Dell Street, Mifflintown | 6358 |

### C. Arrears (Including, but not limited to, claims secured by Debtor's

3

**principal residence).** *Check one.*

☐ None.

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Quicken Loans | 281 Dell Street | $629.57 | | $629.57 |
| | | | | |
| | | | | |
| | | | | |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ X None.

☐ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined

4

under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☐ None.

☒ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

5

Case 1:20-bk-00235-HWV    Doc 30    Filed 04/20/20    Entered 04/20/20 11:12:30    Desc
Main Document    Page 5 of 13

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| Bank of America | 2007 Chevy Truck | $10,000 | 6% | $11,599.80 | Plan |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

F. **Surrender of Collateral.** *Check one.*

    ☑ None.

G. **Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens.** *Check one.*

    ☑ None.

3. **PRIORITY CLAIMS.**

    A. **Administrative Claims**

1. **Trustee's Fees.** Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. **Attorney's fees.** Complete only one of the following options:

    a. In addition to the retainer of $ 0 already paid by the Debtor, the amount of $ 4,000 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

    b. $ Enter text here per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

6

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

   ☑ None.

   B. <u>Priority Claims (including, certain Domestic Support Obligations</u>

   Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

   | Name of Creditor | Estimated Total Payment |
   |---|---|
   |  |  |
   |  |  |
   |  |  |

   C. <u>Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)</u>. *Check one of the following two lines.*

   ☑ None.

4. UNSECURED CLAIMS.

   A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>. *Check one of the following two lines.*

   ☑ None.

   B. <u>Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.</u>

5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. *Check one of the following two lines.*

   ☑ None.

6. VESTING OF PROPERTY OF THE ESTATE.

   **Property of the estate will vest in the Debtor upon**

7

*Check the applicable line:*

- ☐ plan confirmation.
- ☒ entry of discharge.
- ☐ closing of case.

7. **DISCHARGE: (Check one)**

    - ☒ The debtor will seek a discharge pursuant to § 1328(a).
    - ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

    If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

    Payments from the plan will be made by the Trustee in the following order:

    Level 1: Enter text here

    Level 2: Enter text here

    Level 3: Enter text here

    Level 4: Enter text here

    Level 5: Enter text here

    Level 6: Enter text here

    Level 7: Enter text here

    Level 8: Enter text here

    *If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

    Level 1: Adequate protection payments.
    Level 2: Debtor's attorney's fees.
    Level 3: Domestic Support Obligations.
    Level 4: Priority claims, pro rata.
    Level 5: Secured claims, pro rata.
    Level 6: Specially classified unsecured claims.
    Level 7: Timely filed general unsecured claims.

8

Case 1:20-bk-00235-HWV    Doc 30    Filed 04/20/20    Entered 04/20/20 11:12:30    Desc
Main Document    Page 8 of 13

Rev 12/01/19

Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS.
Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

Dated:

/s/ James H. Turner
Attorney for Debtor

/s/ Blair A. Lauver
Blair A. Lauver

/s/ Jennifer E. Minium
Jennifer E. Minium

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : Chapter 13 Proceeding
   BLAIR A. LAUVER : Case No: 1:20-00235
   JENNIFER E. MINIUM :

## NOTICE TO CREDITORS OF RESCHEDULED CONFIRMATION HEARING ON AMENDMENT TO CHAPTER 13 PLAN AND OPPORTUNITY TO OBJECT

TO ALL CREDITORS OF THE ABOVE-CAPTIONED DEBTOR:

Please note that a confirmation hearing on the 1st _____ Amended Plan has been scheduled for the Debtor on the date indicated below.

A deadline of **May 20, 2020** has been set for objections to the confirmation of the plan.

| United Stated Bankruptcy Court<br>Ronald Reagan Federal Building,<br>Bankruptcy Courtroom (3rd Floor)<br>Third & Walnut Streets<br>Harrisburg, PA 17101 | Date: May 27, 2020<br><br>Time: 9:30 AM |
|---|---|

A copy of the plan is enclosed with this notice. It can also be obtained by accessing the case docket through PACER, or from the Bankruptcy Clerk's Office at the address listed below during normal business hours.

Requests to participate in a hearing telephonically shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

*\*Please note that evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined during the confirmation hearing that an evidentiary hearing is required, the evidentiary hearing will be scheduled for a future date.*

Date: April 20, 2020

/s/ James H. Turner, Esquire
Turner and O'Connell
915 N Mountain Road, Suite D
Harrisburg, PA 17112
(717)232-4551

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
   BLAIR A. LAUVER : Case No: 1:20-00235
   JENNIFER E. MINIUM :

## CERTIFICATE OF SERVICE

I, James H. Turner, Esquire, hereby certify that I served a true and correct copy of an amended plan, listed on the attached mailing matrix.

Date: 4/20/2020

/s/ James H. Turner, Esquire
James H. Turner
Turner and O'Connell
915 N Mountain Road, Suite D
Harrisburg, PA 17112
(717) 232-4551

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0314-1<br>Case 1:20-bk-00295-HWV<br>Middle District of Pennsylvania<br>Harrisburg<br>Mon Apr 20 11:00:49 EDT 2020 | Capital One Bank (USA), N.A.<br>by American InfoSource as agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Capital One Bank USA<br>PO Box 30281<br>Salt Lake City, UT 84130-0281 |
| Care Credit<br>PO Box 965033<br>Orlando, FL 32896-5033 | Charles J DeHart, III (Trustee)<br>8125 Adams Drive, Suite A<br>Hummelstown, PA 17036-8625 | (p)DISCOVER FINANCIAL SERVICES LLC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 |
| Discover Personal Loans<br>PO Box 30954<br>Salt Lake City, UT 84130-0954 | Lowes<br>PO Box 981064<br>El Paso, TX 79998-1064 | Member's 1st FCU<br>PO Box 40<br>Mechanicsburg, PA 17055-0040 |
| PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Prudential<br>30 Scranton Office Park<br>Moosic, PA 18507-1796 | Prudential Retirement<br>500 Main Street<br>Dubuque, IA 52001-6836 |
| David E Ritter<br>111 N Front Street<br>Newport, PA 17074-1513 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk VA 23541-1021 | James H Turner<br>Turner and O'Connell<br>915 N Mountain Road<br>Suite D<br>Harrisburg, PA 17112-1793 |
| United States Trustee<br>228 Walnut Street, Suite 1190<br>Harrisburg, PA 17101-1722 | Value City Furniture<br>PO Box 965036<br>Orlando, FL 32896-5036 | WalMart<br>PO Box 530927<br>Atlanta, GA 30353-0927 |
| Wells Fargo Card Service<br>Credit Bureau Resolution<br>PO Box 14517<br>Des Moines, IA 50306-3517 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Discover
PO Box 15251
Wilmington, DE 19886-5251

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d) Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

End of Label Matrix
Mailable recipients    18
Bypassed recipients     1
Total                  19