## LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

BLAIR A. LAUVER
JENNIFER E. MINIUM

CHAPTER 13

CASE NO.: 20-00235

\_\_\_\_\_ Original Plan

\_\_\_3rd \_\_ Amended Plan 6/16/20

Number of Motions to Avoid Liens
Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

# 1. PLAN FUNDING AND LENGTH OF PLAN.

## A. Plan Payments From Future Income

1. To date, the Debtor paid $1,123.20 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $33,221.53 plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 6/2020 | 1/2025 | $594.42 | | $594.42 | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $33,221.53 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE:
   ☑ Debtor is at or under median income.

## B. Additional Plan Funding From Liquidation of Assets/Other

1. The Debtor estimates that the liquidation value of this estate is $ Enter text here. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

   *Check one of the following two lines.*

2

Case 1:20-bk-00235-HWV    Doc 36    Filed 06/16/20    Entered 06/16/20 10:24:51    Desc
Main Document    Page 2 of 13

    ☐    X No assets will be liquidated.

    ☐    Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ Enter text here from the sale of property known and designated as Enter text here. All sales shall be completed by (Date). If the property does not sell by the date specified, then the disposition of the property shall be as follows: Enter text here

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: Enter text here

## 2. SECURED CLAIMS.

### A. Pre-Confirmation Distributions. *Check one.*

    ☑    None.

### B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. *Check one.*

    ☐    None.

    ☒    Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account |
|---|---|---|
| Lendmark Financial Service | 2014 Jeep Cherokee | 1876 |
| Quicken Loans | 281 Dell Street, Miffintown | 0372 |
|  |  |  |

### C. Arrears (Including, but not limited to, claims secured by Debtor's

**principal residence).** *Check one.*

☐ None.

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Quicken Loans | 281 Dell Street | $629.57 | | $629.57 |
| Wilmington Savings Fund/SLS | 281 Dell Street | $12,249.33 | | $12,249.33 |
| | | | | |
| | | | | |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ X None.

☐ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined

4

Case 1:20-bk-00235-HWV   Doc 36   Filed 06/16/20   Entered 06/16/20 10:24:51   Desc
Main Document    Page 4 of 13

under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☐ None.

☒ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

5

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| Bank of America | 2007 Chevy Truck | $10,000 | 6% | $11,599.80 | Plan |
| | | | | | |
| | | | | | |

F. <u>Surrender of Collateral</u>. *Check one.*

    ☑ None.

G. <u>Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens</u>. *Check one.*

    ☑ None.

3. **PRIORITY CLAIMS.**

    A. <u>Administrative Claims</u>

1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. <u>Attorney's fees</u>. Complete only one of the following options:

    a. In addition to the retainer of $ 0 already paid by the Debtor, the amount of $ 4,000 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

    b. $ Enter text here per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

6

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

    ☑ None.

## B. Priority Claims (including, certain Domestic Support Obligations

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| PA Emp Benefit Trust Fund | $1,747.16 |
|  |  |
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

    ☑ None.

4. **UNSECURED CLAIMS.**

    A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

        ☑ None.

    B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    ☑ None.

6. **VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

7

*Check the applicable line:*

☐ plan confirmation.
☒ entry of discharge.
☐ closing of case.

## 7. DISCHARGE: (Check one)

☒ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

## 8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: Enter text here

Level 2: Enter text here

Level 3: Enter text here

Level 4: Enter text here

Level 5: Enter text here

Level 6: Enter text here

Level 7: Enter text here

Level 8: Enter text here

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.

Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS.

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

Dated:

/s/ James H. Turner
Attorney for Debtor

/s/ Blair A. Lauver
Blair A. Lauver

/s/ Jennifer E. Minium
Jennifer E. Minium

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : Chapter 13 Proceeding
BLAIR A. LAUVER. : Case No. 1:20-00235
JENNIFER E. MINIUM :

### NOTICE TO CREDITORS OF RESCHEDULED CONFIRMATION HEARING ON AMENDMENT TO CHAPTER 13 PLAN AND OPPORTUNITY TO OBJECT

TO ALL CREDITORS OF THE ABOVE-CAPTIONED DEBTOR:

Please note that a confirmation hearing on the 3rd _____ Amended Plan has been scheduled for the Debtor on the date indicated below.

A deadline of **July 15, 2020** has been set for objections to the confirmation of the plan.

| United Stated Bankruptcy Court<br>Ronald Reagan Federal Building,<br>Bankruptcy Courtroom (3rd Floor)<br>Third & Walnut Streets<br>Harrisburg, PA 17101 | Date: July 22, 2020<br><br>Time: 9:30 AM |
|---|---|

A copy of the plan is enclosed with this notice. It can also be obtained by accessing the case docket through PACER, or from the Bankruptcy Clerk's Office at the address listed below during normal business hours.

Requests to participate in a hearing telephonically shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

*Please note that evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined during the confirmation hearing that an evidentiary hearing is required, the evidentiary hearing will be scheduled for a future date.*

Date: June 16, 2020

/s/ James H. Turner, Esquire
Turner and O'Connell
915 N Mountain Road, Suite D
Harrisburg, PA 17112
(717)232-4551

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
BLAIR A. LAUVER. : Case No. 1:20-00235
JENNIFER E. MINIUM :

## CERTIFICATE OF SERVICE

    I, James H. Turner, Esquire, hereby certify that I served a true and correct copy of an amended plan, to:

        See attached

Date: 6/16/2020

/s/ James H. Turner, Esquire
James H. Turner
Turner and O'Connell
915 N Mountain Road, Suite D
Harrisburg, PA 17112
(717) 232-4551

Label Matrix for local noticing
0314-1
Case 1:20-bk-00235-HWV
Middle District of Pennsylvania
Harrisburg
Tue Jun 16 10:04:24 EDT 2020

AT&T
c/o Creedence Resource Management
17000 Dallas Parkway Suite 20
Dallas, TX 75248-1938

Bank of America
PO Box 2284
Brea, CA 92822-2284

Bank of America
PO Box 30770
Tampa, FL 33630-3770

Bank of America, N.A
P.O. BOX 31785
Tampa, FL 33631-3785

Bureaus Investment Group Portfolio No 15 LLC
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk VA 23541-1021

Capital One Bank
c/o Asset Recovery Solutions
2200 E Devon Ave, Suite 200
Des Plaines, IL 60018-4501

Capital One Bank
c/o The Bureaus Inc
1717 Central Street
Evanston, IL 60201-1507

Comenity Bank/Second Round Sub
c/o Pressler Felt & Warshaw
7 Entin Road
Parsippany, NJ 07054-5020

Charles J DeHart, III (Trustee)
8125 Adams Drive, Suite A
Hummelstown, PA 17036-8625

Mario J. Hanyon
Phelan Hallinan Diamond & Jones
1600 JFK Boulevard
Ste 1400
Philadelphia, PA 19103-2852

Hollywood Pnrc
c/o TRS Recovery Services Inc
PO Box 60022
City of Industry, CA 91716-0022

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Blair A Lauver
281 Dell Street
Mifflintown, PA 17059-8495

(p)LENDMARK FINANCIAL SERVICES
2118 USHER ST
COVINGTON GA 30014-2434

Mariner Finance
8211 Town Center Dr
Nottingham, MD 21236-5904

Jennifer E Minium
281 Dell Street
Mifflintown, PA 17059-8495

PEBTF Active Appeals
Mailstop: APAED
150 South 43rd Street
Harrisburg, PA 17111-5708

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

PSECU
PO Box 67013
Harrisburg, PA 17106-7013

Pennsylvania Employees Benefit Trust Fund
PEBTF
150 South 43rd Street
Harrisburg, PA 17111-5700

Perry Pest Control
1740 Landisburg Road
Landisburg, PA 17040-9313

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

QUICKEN LOANS INC.
BANKRUPTCY TEAM
635 WOODWARD AVE.
DETROIT MI 48226-3408

Quantum3 Group LLC as agent for
Second Round Sub LLC
PO Box 788
Kirkland, WA 98083-0788

Quicken Loans
1050 Woodward Avenue
Detroit, MI 48226-1906

SLS
PO Box 60535
City of Industry, CA 91716-0535

Thomas Song
Phelan Hallinan Diamond & Jones
1617 JFK Boulevard
Suite 1400
Suite 1400
Philadelphia, PA 19103-1814

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Synchrony Bank/AEO Inc
c/o ERC
PO Box 23870
Jacksonville, FL 32241-3870

| | | |
|---|---|---|
| Synchrony Bank/Lowes<br>c/o Global Credit & Collection Corp<br>4839 North Elston Avenue<br>Chicago, IL 60630-2534 | Synchrony Bank/Walmart<br>c/o Portfolio Recovery<br>PO Box 12914<br>Norfolk, VA 23541-0914 | James H Turner<br>Turner and O'Connell<br>915 N Mountain Road<br>Suite D<br>Harrisburg, PA 17112-1793 |
| UPMC Pinnacle<br>PO Box 826813<br>Philadelphia, PA 19182-6813 | United States Trustee<br>228 Walnut Street, Suite 1190<br>Harrisburg, PA 17101-1722 | James Warmbrodt<br>701 Market Street Suite 5000<br>Philadephia, PA 19106-1541 |
| Wilmington Savings Fund Society,<br>FSB Trustee (See 410)<br>c/o Specialized Loan Servicing LLC<br>8742 Lucent Blvd, Suite 300<br>Highlands Ranch, Colorado 80129-2386 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Jefferson Capital Systems LLC<br>Po Box 7999<br>Saint Cloud Mn 56302-9617 | Lendmark Financial Services, LLC<br>2118 Usher Street<br>Covington, GA 30014 | Portfolio Recovery Associates, LLC<br>POB 12914<br>Norfolk VA 23541 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Mariner Finance, LLC<br>8211 Town Center Drive<br>Nottingham, MD 21236-5904 | (u)Quicken Loans INC. | (u)Wilmington Savings Fund Society, FSB, DBA |

End of Label Matrix
Mailable recipients   36
Bypassed recipients    3
Total                 39